MORROW, Presiding Judge.
 

 The offense is receiving and concealing stolen property; punishment fixed at confinement in the penitentiary for a period of two years.
 

 
 *508
 
 There were three counts in the indictment. The first charged the theft of an automobile from Arthur James; the second charged that appellant fraudulently received stolen property in Palo Pinto County and brought it into Parker County; the third charged that appellant, in Parker County, fraudulently received property which was stolen in Palo Pinto County. Both the second and third counts charged that the property was received from some person unknown to the grand jurors.
 

 The Ford automobile of Arthur James was stolen by some one from his garage situated in Gordon, in Palo Pinto County, on the night of March 20th. There were circumstances indicating that two persons took part in the theft. Soon after it was stolen the ear was found hidden in the pasture of the witness Babb, who resided in Parker County, near Garner, where the appellant resided with his father and mother. The witnesses who discovered the ear, while on their way back to watch it, met a person driving a chassis without lights. These witnesses identified the appellant as the driver, at least they said that was their best judgment. The chassis was followed to the home of the appellant’s father, and it was there identified as that of the stolen car. Upon returning to the place where the ear had been first discovered,' there was evidence showing that parts of the car had been burned, and nearby was seen a man who was identified as the appellant. He fled, and was pursued, but not overtaken.
 

 Near the place where the ear was found there was also found a gasoline can coinciding in size and appearance with that which had been seen in the possession of the appellant. Upon finding the car upon the premises of the appellant’s father, the parties made a search for the appellant. It was late in the night, and the bed in the appellant’s room appeared to have been occupied, but the appellant was not found for some days.
 

 The statement of facts is voluminous. Much of it is a transcription of the stenographer’s notes in question and answer.form in an unauthorized manner.
 

 Through his parents and other witnesses the appellant presented the theory of alibi. This theory was controverted by circumstances, also by testimony tending to impeach the appellant’s father by showing conflicting statements.
 

 A motion to continue was made and overruled. The indictment was filed on the 10th of April, 1923, and the appellant was arrested on the 18th of the month. The trial took place on the 7th of November, 1923. Four witnesses were named as absent, namely Bert Fichling, Tom Peters, Minnie Allen and Mrs. Millard Baker. The application for these witnesses was made for the first time on the 27th day of October, 1923. Process was issued on the 29th and returned on the first of November, the sheriff making the notation:
 
 *509
 
 “Mrs. Millard Baker not found, Tom Peters gone, Bert Fielding gone to Mexico, Minnie Allen gone to Arizona.” Tlie purpose of the testimony of these witnesses was to support the appellant’s theory of alibi. By the witness Fielding, the appellant proposed to prove that on the night the ear was stolen, the appellant was at the home of the witness playing “forty-two.” Similar testimony supporting the theory of alibi was expected from the other witnesses. No explanation of the delay in making application for the process is attempted. In qualifying the bill, the court says that it was his information that all of the witnesses had removed from the State. The insufficiency of the diligence is manifest.
 

 .The motion for new trial is accompanied by no affidavit of the absent witnesses and reveals nothing which strengthens the demand of the appellant for a continuance.
 

 The verdict was general and was by the trial court applied to the offense of receiving and concealing stolen property.
 

 The evidence was circumstantial and such as required its submission to the jury. In our judgment, it was sufficient to support the verdict.
 

 The judgment is affirmed.
 

 Affirmed.