Affirmed and Memorandum Opinion
filed March 3, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00253-CR



Deleon Arb
Horton, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 178th District Court

Harris County, Texas

Trial Court
Cause No. 1157888



 

MEMORANDUM  OPINION 

Appellant Deleon Arb Horton challenges his sentence
for aggravated robbery on the grounds that the trial court abused its
discretion by admitting during the punishment phase of his trial (a) testimony
regarding his membership in a gang and (b) photographs of tattoos indicating
his membership in the gang.  We affirm.

BACKGROUND

A jury convicted appellant of the aggravated robbery
of a cell phone store.  During the punishment phase of his trial, appellant
stipulated to a lengthy criminal background:

State’s Exhibit No. 11 is a Stipulation
of Evidence that was signed by the defendant . . . stipulating to his prior
criminal convictions.

First being he is the same person
who was convicted of the misdemeanor offense of possession of marijuana on June
19th of 1995 in Harris County; that he is the same person who was convicted of
the misdemeanor offense of evading arrest on June 19th of 1995 in Harris
County, Texas; that he’s the same person who was convicted of the misdemeanor
offense of possession of marijuana in July 17th of 1995 in Fort Bend County,
Texas; that he is the same person that was convicted of the felony offense of
burglary of a habitation on November 6th of 1995 in Fort Bend County, Texas;
that he is the same Deleon Horton who was convicted of the offense of evading
arrest on November 13th, 1995, in Fort Bend County, Texas; that he is the same
person that was convicted of the misdemeanor offense of evading detention on
April 18th of 2002 in Harris County, Texas; that he is the same person that was
convicted of the misdemeanor offense of possession of marijuana on April 18th
of 2002 in Harris County, Texas; he’s the same person that was convicted of the
felony offense of delivery of a controlled substance on September 4th of 2002
in Harris County, Texas; the same person that was convicted of the misdemeanor
offense of theft by check in March of 2003 in Harris County, Texas; the same
person convicted of driving while license suspended on April 9th 2003, Harris
County, Texas, the same person convicted of possession of a controlled
substance on June 12, 2003 in Harris County, Texas; the same person convicted
of the felony of delivery of a controlled substance on April 27th of 2004 in
Harris County, Texas; the same person convicted of the felony offense of
delivery of a controlled substance on July 19th, 2004 in Harris County, Texas;
the same person convicted of the felony offense of delivery of a controlled
substance on May 11th of 2005 in Harris County, Texas; the same person
convicted of the felony offense of criminal mischief on May 11th, 2005 in
Harris County, Texas; the same person convicted of the felony of possession of
a controlled substance on November 17th, 2005 in Harris County, Texas; the same
person convicted of the felony of possession of a controlled substance on June
13th, 2006 in Harris County, Texas; the same person convicted of the
misdemeanor theft on April 3rd of 2007 in Harris County, Texas; and the same
person convicted of the felony of possession of a controlled substance on June
29th of 2007 in Harris County, Texas.

Appellant’s records from the
Harris County Sheriff’s Office Disciplinary Section were also introduced into
evidence.  These records reflected that appellant had refused to obey orders
and had been involved in fighting, stealing, assaults on other inmates, and other
disruptive behavior during his time in jail.  Further, several Houston Police
Department officers described a drug purchase that they observed appellant
commit in March 2008.

Harris County Sheriff’s Department (“HCSD”) Deputy
Michael Squyres, a member of the HCSD’s Gang Suppression Unit, testified over
appellant’s objection.  Squyres described his duties in the Gang Suppression
Unit, as well as his training and experience in investigating and documenting
criminal street gangs.  Squyres testified that he was familiar with a criminal
street gang called the “Five Deuce Hoover Crips.”  He opined that the Five
Deuce Hoover Crips is “a for-profit criminal street gang” with a purpose of
“mak[ing] money for the people who are members of that gang.”  Squyres
testified that he met with appellant and took several photographs of appellant
and his tattoos.  According to Squyres, several of appellant’s tattoos
indicated that he was a member of the Five Deuce Hoover Crips.  Four
photographs depicting specific tattoos on appellant’s arms and hands were
admitted over appellant’s objection.  Squyres described these tattoos as
follows:

Thirty-seven is the top of the right hand.  It has the word
“Gorilla,” another hat on top of a face of a gorilla with the number “5”
surrounded by 4 dollar signs. 

. . .

Five Deuce Hoover Crips sometimes refer to themselves as
gorillas. We have a subset of them.  They call themselves Suicidal Young
Gorillas.  So by looking at the tattoos you see “Gorilla 4 Real,” and then you
see, of course, the number “5” and “2” on the tops of the hand, so Five Deuce.

. . .

These are the backs of the arm, the left arm and the right
arm.  So if you saw the individual walking away from you, you would be reading
from his left to his right. It’s the Roman Number V and the Roman Number II.

. . .

The five, two, especially done in Roman numbers is very
commonly used by Five Deuce Hoover Crips to show - - so other people can see
it.  And it’s on the backs of the arm so as the person is walking away you will
readily see the five and the two.

Squyres testified that, in
his opinion, appellant is a member of the Five Deuce Hoover Crips.

Appellant’s father testified regarding appellant’s
family; he explained that neither of his other two children had gotten into any
trouble.  According to appellant’s father, appellant started having problems
with drugs when he was younger.  Appellant’s father also testified that he had
heard “people for the last few years talk about gangs[.]”

After hearing all the punishment evidence, the jury
sentenced appellant to thirty-five years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice.  This appeal timely
followed.

ANALYSIS

A.        Standard
of Review

Evidence of a defendant’s membership or association
with a gang is admissible at the punishment phase of trial.  See Tex.
Code Crim. Pro. art. 37.07 § 3(a)(l) (West 2009); Jones v. State, 944
S.W.2d 642, 652–53 (Tex. Crim. App. 1996); Garcia v. State, 239 S.W.3d
862, 866–67 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d); Ho v. State,
171 S.W.3d 295, 305 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  To
present testimony of gang reputation there must be evidence of the defendant’s
gang membership.  Beasley v. State, 902 S.W.2d 452, 457 (Tex. Crim. App.
1995) (en banc) (plurality op.).  “For the jury to assess a defendant’s
character based on his gang membership, not only should the jury know of the
defendant’s gang membership, but also of the activities and purposes of the
gang to which he belongs.”  Anderson v. State, 901 S.W.2d 946, 950 (Tex.
Crim. App. 1995) (en banc) (plurality op.).

Although evidence regarding a defendant’s gang
membership is relevant during the punishment phase, “evidence may be excluded
if its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative
evidence.”  Tex. R. Evid. 403.  Rule 403 favors the admission of relevant
evidence and carries a presumption that relevant evidence will be more
probative than prejudicial.  Jones, 944 S.W.2d at 652.  Because all
evidence is likely prejudicial to one party or another, this rule of evidence
requires exclusion only when there is a clear disparity between the degree of
prejudice of the offered evidence and its probative value.  Id. at
652–53.  Questions of the admissibility of evidence under Rule 403 are assigned
to the trial court and are reviewable only for an abuse of discretion.  Id.
at 652.

B.        Admission
of Testimony and Photographs Reflecting Gang Involvement

In two issues, appellant asserts that the trial court
abused its discretion by admitting Squyres’ testimony and the photographs
described above because the evidence failed to (a) sufficiently establish
appellant’s status as a present member of the Five Deuce Hoover Crips and (b)
establish the specific illegal activities in which the gang participated. 
Appellant further complains that the probative value of this evidence was
clearly outweighed by the danger of unfairly prejudicing and misleading the
jury.  

Squyres’ expert testimony that certain of appellant’s
tattoos were common to members of the Five Deuce Hoover Crips provided sound
evidence of appellant’s gang membership.  See Beasley, 902 S.W.2d at 454
(membership was established by defendant’s wearing of gang colors and his
association with gang members rather than by witness testimony that appellant
was in gang); Anderson, 901 S.W.2d at 948 (police officer testified that
he knew defendant was gang member because he was in company of gang members and
wore gang tee shirt).  The evidence presented by Squyres’ testimony also
established that the Five Deuce Hoover Crips is a criminal street gang
with a purpose of engaging in activities to make money for its members.  Although
the type of criminal activities was not specified, the jury could infer from
Squyres’ testimony the following three things:  (1) appellant is or was a
member of the Five Deuce Hoover Crips; (2) the Five Deuce Hoover Crips are
a criminal street gang; and (3) the gang’s purpose is to engage in criminal
activities that would result in making money for its members.  Thus, the
evidence presented through Squyres, as an expert in criminal street gangs,
meets the requirements set out in Beasley and Anderson.  See
Beasley, 902 S.W.2d at 457; Anderson, 901 S.W.2d at 950.  And
even if appellant were no longer affiliated with the gang at the time he
committed this offense, evidence that he was at any time a gang member is
relevant and admissible as character evidence during punishment.  See Ho,
171 S.W.3d at 305.  Accordingly, we cannot say this evidence was either
irrelevant or unfairly prejudicial.  Thus, the trial court did not abuse its
discretion in admitting this evidence during the punishment phase.  We overrule
appellant’s two issues.

For the foregoing reasons, we affirm the trial
court’s judgment.  

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).