**Affirm and Opinion Filed July 29, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-10-01250-CR**

**No. 05-10-01251-CR**

**CHRISTOPHER ALLEN HICKMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**

**Dallas County, Texas**

**Trial Court Cause Nos. F09-13247-J; F09-13248-J**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers

Opinion by Justice Bridges

Christopher Allen Hickman appeals his aggravated robbery convictions. Appellant pled guilty in each case, and the trial court assessed punishment at thirty years' confinement. In two points of error, appellant argues the trial court erred in admitting gang evidence, and the judgment in cause number 05-10-01250-CR should be reformed to omit the finding that appellant be ordered to pay attorney's fees. As reformed, we affirm the trial court's judgments.

Following his guilty pleas to two aggravated robbery charges, the trial court conducted a hearing on punishment. At the hearing, Dallas police officer Barrett Nelson testified he had been in the Dallas Gang Unit for fourteen years and taught classes on gang identification. Nelson testified he had experience all throughout Dallas and Dallas County identifying and tracking gang members by taking pictures, interviewing, and talking to gang members. Nelson testified

he was familiar with a criminal street gang called the Bloods, and several different Blood gangs existed in Dallas and Dallas County. The State introduced photographs of several tattoos on appellant's body. Appellant had a "MOB" tattoo under one eye and another on his arm, and Nelson explained that tattoo meant "Member of Bloods." Nelson testified most gang members that were Bloods had the "MOB" tattoo. One of appellant's tattoos, showing the State of Texas with flames under it, identified appellant as a "Blood member from the State of Texas." Nelson testified Blood gang members identified themselves with flames "because when you strike a match, the flame is red, it's hot." Appellant's tattoo of a crown with the words "Piru Love," Nelson explained, signified "I love Bloods, Piru Love" because "Piru" was another name for Blood. Appellant had "FTB" tattooed on one hand and "212" on the other. Nelson testified "FTB" meant "Fish Trap Blood," referring to Fish Trap, an old street in West Dallas. Similarly, "212" referred to the zip code of West Dallas, 75212. By means of these tattoos, Nelson testified appellant was saying "I am Fish Trap out of West Dallas," being more specific about the gang. As to appellant's "Blood Brothers" tattoo, Nelson testified it was an admission that appellant was in the Blood gang. Nelson testified that Fish Trap Bloods was a criminal street gang out of West Dallas, its primary color was red, and their activities included "robbing, jacking, we have them down for about everything that you can commit that's a crime in the State of Texas."

Appellant testified he was "affiliated with" the Blood gang but claimed he left the gang in 2005. Appellant was "aware" of the Fish Trap Bloods and the fact that the Fish Trap area had the zipcode 75212, but he denied being a member. Appellant testified the "MOB" tattoo under his eye was "just a stupid mistake" done "out of boredness" while appellant was in jail. According to appellant, "MOB" stood for "Money over Bs," and he clarified that "Bs" were "bitches." However, in response to questioning, appellant admitted he knew some Bloods who

had "MOB" on them. Appellant testified he got his "Piru Love" tattoo "out of boredness again," and he agreed that Nelson was "right about that" when he said "Piru Love" was a Blood tattoo.

The State introduced evidence of appellant's prior convictions for attempted robbery, evading arrest, and possession of marijuana in a drug-free zone and evidence of a protective order against him and juvenile adjudications for robbery and terroristic threat. At the conclusion of the punishment hearing, the trial court sentenced appellant to thirty years' confinement in each case. These appeals followed.

In his first point of error, appellant argues the trial court erred in admitting gang evidence. Specifically, appellant argues the gang evidence was irrelevant under rule of evidence 401 and unfairly prejudicial under rule of evidence 403.

We review a trial court's ruling under the rules of evidence for an abuse of discretion. *Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). The trial court must be given wide latitude to exclude or, particularly in view of the presumption of admissibility of relevant evidence, *not* to exclude misconduct evidence as it sees fit. *Montgomery v. State,* 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (emphasis in original). So long as the trial court operates within the boundaries of its discretion, an appellate court should not disturb its decision. *Id.*

Relevant evidence is that which has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. TEX. R. EVID. 401. Rule 403 allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). "The term 'probative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the

litigation—coupled with the proponent's need for that item of evidence." *Id.* (quoting *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007)). "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (quoting *Casey*, 215 S.W.3d at 880). All testimony and physical evidence are likely be prejudicial to one party or the other. *Id.* It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that rule 403 is applicable. *Id.*

During the sentencing phase of trial, evidence may be offered as to any matter the court deems relevant, including evidence of the defendant's reputation or character. TEX. CODE CRIM. PROC. ANN. art. 37.07 3(A)(1) (West Supp. 2012); *Ho v. State*, 171 S.W.3d 295, 305 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Evidence of a defendant's gang membership is relevant because it relates to character. *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995); *Ho*, 171 S.W.3d at 305. The types of activities in which the gang is involved must also be presented to the trier of fact so that they may determine if the defendant's membership is a positive or a negative aspect of his character. *Beasley*, 902 S.W.2d at 456; *Ho*, 171 S.W.3d at 305. It is not necessary to link an accused to the bad acts or misconduct generally engaged in by gang members, so long as the jury is (1) provided with evidence of the defendant's gang membership, (2) provided with evidence of character and reputation of the gang, (3) not required to determine if the defendant committed the bad acts or misconduct, and (4) only asked to consider reputation or character of the accused. *Beasley*, 902 S.W.2d at 457. Even if a defendant is no longer affiliated with the gang at the time of the offense, evidence that he was a gang member is relevant, and thus admissible at punishment, because it relates to his character. *Ho*, 171 S.W.3d at 305.

Here, appellant testified he was "affiliated with" the Blood gang but claimed he left the gang in 2005. Nelson testified that several of appellant's tattoos indicated he was a member of

the Blood gang, specifically Fish Trap Bloods, and appellant agreed that Nelson was "right about that" when he said "Piru Love" was a Blood tattoo. Nelson testified Fish Trap Bloods was a criminal street gang whose activities included "robbing, jacking, we have them down for about everything that you can commit that's a crime in the State of Texas." Nelson testified only regarding the general reputation of the Blood gang and did not testify as to any specific acts committed by appellant. Having reviewed the record, we conclude Nelson's testimony satisfied the *Beasley* factors, and the probative value of Nelson's testimony was not substantially outweighed by the danger of unfair prejudice. *See Beasley*, 902 S.W.2d at 457; TEX. R. EVID. 403. We overrule appellant's first point of error.

In his second point of error, appellant argues the judgment in cause number 05-10-01250-CR should be reformed to omit the finding that appellant be ordered to pay attorney's fees. The State concedes the trial court erred in ordering appellant to pay attorney's fees. Accordingly, we sustain appellant's second point of error.

We reform the judgment in cause number 05-10-01250-CR to omit the finding that appellant be ordered to pay attorney's fees. In all other respects, the trial court's judgments are affirmed.


Do Not Publish                                  /David L. Bridges/
TEX.R.App.P.47                                  DAVID L. BRIDGES
101250F.U05                                     JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTOPHER ALLEN HICKMAN,
Appellant

No. 05-10-01250-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F09-13247-J.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
The trial court's assessment of attorney's fees is deleted.  As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 29, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER ALLEN HICKMAN,
Appellant

No. 05-10-01251-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F09-13248-J.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 29, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE