**Affirmed and Memorandum Opinion filed March 16, 2021.**



**In the**

# Fourteenth Court of Appeals

### NO. 14-19-00238-CR

**HENRY LEE BANKS, III, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1526944**

## MEMORANDUM OPINION

A jury convicted appellant of first-degree murder. Tex. Penal Code Ann. § 19.02. The jury assessed punishment at 50-years imprisonment with no fine. Tex. Penal Code Ann. § 12.32. Appellant argues the trial court committed reversible error by admitting two photographs that were substantially more prejudicial than probative, limiting the scope of cross-examination, and denying appellant's request for a mistrial during closing argument after the State commented on appellant's decision not to testify. We affirm.

## I. BACKGROUND

In August 2016, twin brothers Cedric and Frederick Woodard were hanging out in a parking lot with complainant Taylor Francis. Cedric and Frederick testified that appellant walked up and shot complainant. Complainant was taken to the hospital, where he died 15 days later from "complications of gunshot wounds of the chest and right forearm."

## II. ANALYSIS

### A. Photographs

In issue one, appellant argues that the trial court erred by admitting two photographs of complainant lying on a hospital bed. In the photographs, complainant's eyes are closed, complainant is intubated, and bandages are visible on complainant's body. In one of the photographs, there appears to be blood on the bedsheets underneath complainant. Appellant objected at trial and complains on appeal that the photographs are inadmissible because they are substantially more prejudicial than probative.[1] *See* Tex. R. Evid. 403.

We review the trial court's decision to admit photographs for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). In addition to the typical Rule 403 balancing test,[2] when considering the admissibility

---

[1] At trial, appellant objected that the photographs' "probative value is substantially outweighed by the danger of unfair prejudice."

[2] When undertaking a Rule 403 analysis, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006) (discussing Tex. R. Evid. 403).

of photographs the trial court may consider a number of other factors, including but not limited to the number of photographs offered, their gruesomeness, their detail, their size, whether they are black-and-white or color, whether they are close-up, and whether the body depicted is naked or clothed. *Id.* The availability of other means of proof and the circumstances unique to each individual case must also be considered. *Id.* Under Rule 403, it is presumed that the probative value of relevant evidence exceeds any danger of unfair prejudice. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). The rule envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Id.*

Appellant first argues that the trial court did not perform a Rule 403 balancing test. Once a Rule 403 objection is made, the trial court must engage in the balancing test required by the rule. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). However, the trial court is not required to sua sponte place its findings or conclusions from the balancing test into the record. *Id.* Rather, the trial court is presumed to engage in the required balancing test once Rule 403 is invoked.[3] *Id.* at 195–96 ("[W]e refuse to hold that the silence of the record implies otherwise.").

Appellant next argues the photographs are substantially more prejudicial than probative under Rule 403. The photographs are relevant to show that the complainant was injured and received medical treatment. They are not confusing and do not suggest a decision on an improper basis, and the presentation of the two photographs did not consume an inordinate amount of time. *See* Tex. R. Evid. 403; *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). In the

---

[3] Appellant did not request that the trial court state its findings regarding the balancing test for the record.

context of the case, the photographs are not particularly gruesome. *See Gallo*, 239 S.W.3d at 762. The fact that complainant is intubated is not shocking, and his bandages obscure, rather than highlight, his injuries. *See id.* at 763 (trial court did not abuse discretion by admitting photographs that "show no more than the injuries that the victim suffered shortly before her death"). Under these circumstances, we conclude the photographs are not substantially more prejudicial than probative. *See* Tex. R. Evid. 403; *Gallo*, 239 S.W.3d at 762–63.

We overrule issue one.

## B. Cross-examination

In issue two, appellant argues that the trial court improperly limited the scope of cross-examination of witnesses Cedric and Frederick Woodard, violating appellant's right to confront these witnesses. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. Specifically, appellant argues that the trial court erred by excluding certain prior convictions of Cedric and Frederick, which prevented appellant from cross-examining them as to their bias or motive for testifying.[4]

We review a trial court's decision to limit cross-examination under an abuse of discretion standard. *Matchett v. State*, 941 S.W.2d 922, 940 (Tex. Crim. App. 1996). A defendant may cross-examine a witness on any subject "reasonably calculated to expose a motive, bias or interest for the witness to testify." *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). However, the trial court has

---

[4] The State argues that this issue was not preserved. At trial, however, in addition to arguing that all the Woodards' prior convictions were admissible under Rule of Evidence 609, appellant also argued that the prior convictions should be admitted to "protect [appellant's] State and Federal Constitutional rights to confrontation, to due process, and a fair trial." We conclude this was sufficiently specific to preserve the confrontation arguments made in this appeal. *See* Tex. R. App. P. 33.1(a). We further note that appellant makes no argument on appeal under Rule 609, and accordingly we do not address the admissibility of the prior convictions under that rule. *See* Tex. R. Evid. 609 (Impeachment by Evidence of Criminal Conviction).

considerable discretion in determining how and when bias may be proved, and what collateral evidence is material for that purpose. *Ho v. State*, 171 S.W.3d 295, 304 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The trial court has the discretion to limit the scope of cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Id.* This limitation does not violate the defendant's right to confront a witness as long as (1) the possible bias and motive of the State's witness is clear to the trier of fact and (2) the accused has otherwise been afforded an opportunity for a thorough and effective cross-examination. *Id.*

The trial court admitted evidence of a charge pending against Cedric for delivery of a controlled substance as well as multiple prior convictions of Cedric, including convictions alleged as enhancements in the indictment for his pending charge. The trial court also admitted evidence of multiple prior convictions of Frederick. The trial court excluded several additional prior convictions of each Cedric and Frederick. Appellant contends that the exclusion of some prior convictions prevented him from cross-examining Cedric and Frederick about a potential source of bias or motive, specifically that each was testifying in order to procure a lighter sentence for Cedric on his pending charge. Both Cedric and Frederick were cross-examined on this issue, however. Cedric testified as follows:

> [DEFENSE COUNSEL:] So testifying here today is the right thing to do, yeah?
>
> [CEDRIC WOODARD:] Correct.
>
> Q. The right thing to do for you, isn't it?
>
> A. Rephrase the question asking what you mean.
>
> Q. Sure. Well, there was not any kind of explicit, spoken agreement between you and Mr. Brucker or any other prosecutor about your pending case, was there?
>
> A. No, sir.

Q. No. It was not spoken, was it?

A. There wasn't no deal, no nothing. There was nothing spoken about that.

Q. It was not written down, was it?

A. Nothing on paper, nothing.

Q. Right. But as you sit here and testify, your hoping that it helps you with that case, right?

A. No, I do not.

Q. So, you're not hoping that this testimony helps you not get ten years in prison?

A. It would not matter. Here no, I do not. I did—I mean, I can do my time. I don't got to plea bargain and all that.

. . . .

Q. All right. Cedric, let me go back, make sure that I have everything straight about your criminal history.

Right now, you are being prosecuted, you have been indicted for delivery of a controlled substance, delivery of drugs, right?

A. Correct.

Q. And back in 2008, you were convicted of burglary of a building, right?

A. Correct.

Q. And in 2005 you were convicted of unauthorized use of a motor vehicle, right?

A. Correct.

Q. So, because your past includes you being a burglar and a thief, you're looking at potentially a maximum of ten years in prison on this drug delivery case, right?

A. Correct.

Q. All right. Yet, you come in here today, you don't have any hope whatsoever or expectation that the State's going to help you at all, right?

A. No, I do not. I can do my time.

6

Likewise, defense counsel posed the following questions to Frederick:

[DEFENSE COUNSEL:] And so isn't it true that one of the reasons that you're here testifying in the manner that you are testifying is in the hope that you can get a lighter sentence for your brother?

[FREDERICK WOODARD:] No.

Q. You're just here because—

A. I am here because—

Q. Let me ask you a question?

THE COURT: Wait a minute till he is done. So try not the talk over him and he will try not to talk over you, okay?

THE WITNESS: All right.

Q. (BY [DEFENSE COUNSEL]) So, you're here to tell the jury that you're testifying in the manner that you are, in giving the answers that you are, because you want to do the right thing, right?

A. Right.

. . . .

Q. So you and Cedric, you're identical twins; is that right?

A. Yes, sir.

Q. Is there anyone in the world that you're closer to?

A. My sister, my twin—my little boy.

Q. Okay. But you're extremely close with Cedric, right?

A. Right.

Q. You all grew up together, right?

A. Right.

Q. And you hangout together all the time, right?

A. Right.

Q. And people know you and Cedric as "Twin," right?

A. Right.

Q. That's what they call you? And you know he's facing possibly 10 years in prison right now, right?

A. I didn't know that. Appreciate it for letting me know.

This testimony demonstrates that appellant had the opportunity to cross-examine Cedric and Frederick about their potential bias stemming from the pending charge against Cedric. Appellant does not explain how admitting additional prior convictions of Cedric and Frederick would have allowed him to further develop this line of questioning. As appellant was able to conduct a thorough cross-examination on the issue of bias or motive he raises on appeal, we conclude that appellant has not shown that the trial court abused its discretion by limiting cross-examination to some, but not all, of the Woodards' prior convictions. *See Ho*, 171 S.W.3d at 304.

We overrule issue two.

## C.  Closing argument

In issues three and four, appellant argues that, during closing argument, the State improperly commented on appellant's right not to testify. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08. Neither issue, however, has been preserved for our review. Issue three is based on the following portion of the State's closing argument:

> [THE STATE:] Couple other things we talked about. We may have touched on this a little bit. We always get the question: What did something happen? Why did this happen? Why did Henry Banks do this? What was his motivation?
>
> And here's the thing. This is the number one question that goes unanswered in the majority of these trials. Because ultimately—
>
> [DEFENSE COUNSEL]: Objection, that's outside the record, Your Honor.
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: Please instruct the jury to disregard that comment.

8

THE COURT: Jury instructed to discard.

[DEFENSE COUNSEL]: Forced to move for a mistrial.

THE COURT: It's denied.

Appellant argues that the trial court erred in denying appellant's motion for a mistrial because the State's comment about "unanswered questions" concerning appellant's "motivation" referred to evidence that only appellant could have provided, and accordingly commented on appellant's decision not to testify. Appellant, however, did not object on Fifth Amendment or other similar grounds, but instead on grounds that the State's argument was "outside the record." This objection does not preserve an argument concerning the decision not to testify. *See Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex. Crim. App. 1976) (objection that "the [closing] argument went outside the record" did not preserve argument that statements were "a further comment on appellant's failure to testify"); *see also Coffey v. State*, 796 S.W.2d 175, 179–80 (Tex. Crim. App. 1990) (approving *Bouchillon* and concluding defendant did not preserve complaint that jury argument commented on evidence not in record because trial objection was that argument violated right not to testify). Because the complaint on appeal is not the same as the objection raised at trial, this issue was not preserved. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (issue on appeal must comport with objection made at trial).

In issue four, appellant argues this court should address his argument as fundamental error that does not require preservation under Rule of Evidence 103(e), which states, "In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." Tex. R. Evid. 103(e). We analyze fundamental error under the framework set forth by *Marin v. State*, which distinguishes rights involving

9

fundamental error which cannot be waived by inaction from rights that are to be implemented upon request, which consequently may be forfeited if not requested. 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993).[5]

Appellant relies on the above-quoted comments as well as additional comments from the State's closing that "we don't know why something happened" and "I want to know why, too" as examples of fundamental error affecting appellant's right not to testify. The court of criminal appeals, however, has held that a challenge to improper jury argument is a forfeitable right that must be preserved by objection in the trial court. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("However, a defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it."). Likewise, our court has observed that, while comments about a defendant's decision not to testify "are a constitutional violation, a defendant waives her right to complain on appeal if she fails to make a timely, specific objection to those comments." *Griffin v. State*, 181 S.W.3d 818, 823 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *McLendon v. State*, 167 S.W.3d 503, 510 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)). Accordingly, we disagree that a comment during closing argument about appellant's choice not to testify constitutes fundamental error that may be raised for the first time on appeal.

We overrule issues three and four.

---

[5] More specifically, *Marin* recognized error-preservation "rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request," since referred to as category-one, -two, and -three *Marin* rights. *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (discussing *Marin*, 851 S.W.2d at 279).

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.

/s/      Charles A. Spain
           Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish — TEX. R. APP. P. 47.2(b).