**AFFIRMED as Modified; Opinion Filed August 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00579-CR**
**No. 05-13-00580-CR**

**BRODERICK JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-58467-T and F12-58468-T**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

Broderick Jackson appeals his convictions for unlawful possession of a firearm by a felon and possession with intent to deliver a controlled substance in the amount of four grams or more but less than 200 grams. In six issues, appellant asserts the trial court made certain evidentiary errors, challenges the sufficiency of the evidence to support the trial court's cost assessments in both cases, and requests that we modify the judgment in the drug case to reflect that he pleaded not true to the enhancement paragraph in the indictment. We agree the judgment in the drug case should be modified as appellant requests. As modified, we affirm the judgment in that case. We affirm the trial court's judgment in the unlawful possession of a firearm case.

## FACTUAL BACKGROUND

On July 26, 2012 Dallas police officers executed a search warrant for apartment 1704 at the Oasis Apartments in Dallas, Texas. As the search team moved down the second floor breezeway/walkway toward apartment 1704, they intercepted appellant and his girlfriend. Detective Michael Nunez recognized appellant and his girlfriend from a meeting he had with appellant in apartment 1704 two days before while working undercover. At the time he was stopped by the officers, appellant was carrying a duffle bag that was later revealed to contain loaded pistol magazines, surveillance equipment, cell phones, digital scales, sandwich bags, a razor blade, PCP, marijuana, and a walkie talkie. Officers then entered the apartment and performed their search.

Upon entering the living room, the officers discovered a firearm on a "footrest" in front of the couch, a Crown Royal bag between the couch cushions containing cash, a high capacity magazine, baggies of marijuana, baggies of cocaine, vials of PCP, pieces of cigarettellos and a cigarettello lighter. In the kitchen, they found sandwich bags, vials, droppers, batteries, digital scales, a measuring cup, and a whisk. No one was found inside the apartment. Keys to the apartment were found in the breezeway/walkway area where the officers encountered appellant and his girlfriend.

Appellant was indicted for unlawful possession of a firearm by a felon and for possession with intent to deliver a controlled substance in the amount of 4 grams but less than 200 grams. A jury convicted appellant of both offenses and the trial court assessed punishment at five years' imprisonment in the firearm case and twenty-three years' imprisonment in the drug case. This appeal followed.

ANALYSIS

Appellant's first three issues involve evidentiary rulings made by the trial court. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). A trial court's determination that is within the zone of reasonable disagreement will not be disturbed on appeal. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

In his first issue, appellant complains the trial court improperly overruled his hearsay objection to Officer Nunez's testimony that another officer told him keys were found next to appellant in the breezeway/walkway. Appellant argues that because his connection to the apartment was "tenuous," the location where the keys were found was significant to the State's case and the testimony should have been excluded.

Hearsay is a statement, other than one made by the declarant while testifying, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Appellant raised a hearsay objection to the following testimony: "Keys were brought to me. I was told that–" Although the trial court overruled the objection, Officer Nunez never testified as to what he was told. Instead, the officer was next questioned about a photograph showing a duffle bag on the walkway/breezeway to the apartment. Later, the defense took Officer Nunez on voir dire with respect to the admission of the keys into evidence. The officer confirmed that he did not find the keys, but they were found in the breezeway. The officer also admitted he never saw the keys on the breezeway, but that State's exhibit 10 depicted the keys on the breezeway.

Appellant can show no harm in connection with the trial court's hearsay ruling. Our review of the record reveals that Officer Nunez never testified to what the officers told him about where the keys were found. In addition, a recording was admitted into evidence containing

appellant's telephone call from the interview room during which appellant acknowledged he understood he was being recorded and told his father the police had caught him leaving the apartment with the key on him. Moreover, to the extent appellant complains about the officer's testimony that the keys were found on the breezeway, this testimony was elicited by the defense during its voir dire examination of the officer. At the conclusion of the voir dire examination, the defense had no objection to admission of the keys, but objected to testimony that the keys were on appellant's person because the officer "can't testify to that." However, Officer Nunez never testified that the keys were found on appellant. And appellant did not object to Officer Nunez's testimony that the keys were found on the breezeway. We overrule appellant's first issue.

In his second issue, appellant contends the trial court erred in admitting over his objection certain evidence of Officer Nunez's encounter with appellant at apartment 1704 two days before the search. Specifically, appellant complains about Nunez's testimony concerning his meeting with appellant in the apartment on July 24, 2012, a video recording of that meeting, as well as a still from the video recording showing appellant holding a gun. Appellant argues the evidence of the extraneous offense should have been excluded under rule of evidence 403 because it was cumulative of other evidence on intent, confused the issues, and misled the jury about the offenses for which it could convict appellant. We disagree.

All evidence is likely to be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). Rule 403 favors the admission of relevant evidence and presumes that relevant evidence will be more probative than prejudicial. *Rayford v. State*, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003). It is only when there is a clear disparity between the degree of prejudice of the evidence and its probative value that rule 403 permits exclusion. *Davis*, 329 S.W.3d at 806. In analyzing the trial court's ruling on a rule 403 objection, we

consider among other things the probative value of the evidence, the potential to impress the jury in some irrational yet indelible way, the time needed to develop the evidence, and the proponent's need for the evidence. *See Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1991) (op. on reh'g). Here, appellant admits the extraneous offense evidence was relevant to appellant's connection to the apartment and his intent to deliver the PCP he possessed on July 26.[1] It was also relevant to establish appellant's possession of the gun discovered during the search. In fact, the jury was instructed that appellant's possession of the gun on July 24 could support a conviction in the firearm case. Moreover, the trial court specifically instructed the jury that it could only consider the extraneous offense evidence as evidence of intent with respect to the July 26 drug charge. We presume the jury follows the trial court's instructions. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). The extraneous offense evidence did not take a lot of time to develop because Officer Nunez's testimony consisted of about twenty-two out of over three hundred pages of testimony at the guilt-innocence stage. Likewise, the video recording was edited to show only the relevant portions. The evidence was also not of such an inflammatory nature so as to prevent the jury from considering it solely for the purpose of intent.

To the extent that appellant complains the extraneous offense evidence was cumulative of other evidence, we note that aside from Nunez's testimony of the transaction with appellant on July 24, there was no direct evidence that appellant intended to deliver the drugs found the day of the search. The evidence also rebutted the defense's position that the lessee of the apartment and not appellant was selling the drugs found on July 26. Considering all the relevant factors, we cannot say the trial court abused its discretion in concluding that the probative value of the

---

[1] At trial, the defense presented evidence that the apartment was leased to Allen Jones who had prior convictions for drug possession and evading arrest. The State offered the video recording on rebuttal.

extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. We resolve appellant's second issue against him.

In his third issue, appellant asserts the trial court improperly admitted gang evidence during the punishment phase of the trial. Appellant argues the evidence was irrelevant because it was insufficient to establish his membership in the gang and its prejudicial effect outweighed its probative value. The admission of evidence of a defendant's gang affiliation and the violent activities of that gang at the punishment stage of trial is relevant to the defendant's character. *See Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995); *Anderson v. State*, 901 S.W.2d 946, 950 (Tex. Crim. App. 1995); *Kelly v. State*, 05-10-00167-CR, 2011 WL 2438517, at *2–3 (Tex. App.—Dallas June 20, 2011, no pet.) (mem. op., not designated for publication). Evidence of gang membership is relevant and admissible so long as the factfinder is (1) provided with evidence of the defendant's gang membership, (2) provided evidence of the gang's character and reputation, (3) not required to determine if the defendant committed bad acts or misconduct, and (4) only asked to consider reputation or character of the defendant. *Beasley*, 902 S.W.2d at 457. Even when the defendant is no longer a member of the gang at the time the offense is committed, evidence of former gang membership relates to his character. *See Kelly*, 2011 WL 2438517, at *3 (citing *Ho v. State*, 171 S.W.3d 295, 305 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)).

Appellant contends that the gang evidence was irrelevant because the testifying officer failed to put forth sufficient evidence of appellant's gang membership. We do not agree. Jabari Howard, a detective in the Dallas Police Department's gang unit for five years, testified that appellant had various gang-related tattoos associated with the Bloods and subsets of the Bloods including, "Best for Less," "Canterbury City," and "DF Dove." Moreover, contrary to appellant's contention, the State did not have to prove appellant was in a gang at the time the

offenses were committed. *See Kelly*, 2011 WL 2438517, at *3 (citing *Ho*, 171 S.W.3d at 305). To the extent appellant complains Officer Howard lacked personal knowledge of appellant as a gang member, we note when the appropriate predicate is shown, an expert may testify to things beyond his personal knowledge. TEX. R. EVID. 703; *Aguilar v. State*, 887 S.W.2d 27, 29 (Tex. Crim. App. 1994). Similar testimony by a police officer without personal knowledge of a defendant's gang's membership was ruled relevant and admissible in *Stevenson v. State*, 963 S.W.2d 801, 803–04 (Tex. App.—Fort Worth 1998, pet. ref'd).

We also reject appellant's assertion that the gang evidence's prejudicial effect outweighed its probative value pursuant to Rule 403 of the Texas Rules of Evidence. As support for his contention, appellant refers to the volume of the gang testimony introduced as well as evidence of another gang member's murder conviction. We have already concluded the gang evidence was relevant to and, therefore, probative of appellant's character. After reviewing all of the evidence, we cannot conclude that the evidence of appellant's gang affiliation was unfairly prejudicial as to require reversal under Rule 403. The State's gang evidence consisted of Officer Howard's twenty-five pages of testimony and seventeen photos of appellant's tattoos. The evidence regarding another gang member's criminal activity was solicited from appellant on cross-examination to refute appellant's testimony that when he used to be a member of DF Dove, " . . . all we did was get high, mess with females. It wasn't no jacking or no selling drugs, . . . ." We conclude that the trial judge did not abuse his discretion in admitting expert testimony on gang evidence and appellant's tattoos. We resolve appellant's third issue against him.

In his fourth and fifth issues, appellant challenges the sufficiency of the evidence to support the trial court's cost assessment of $244 in the case for unlawful possession of a firearm

by a felon and $299[2] in the drug case.  Specifically, appellant asserts that there are no written bills of costs in the clerk's records as required by article 103.001 of the code of criminal procedure.  The records before us contain a bill of costs for each case.   Appellant's complaints have been addressed and rejected.  *See Johnson v. State*, 423 S.W.3d 385, 391–94 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd).  We resolve appellant's fourth and fifth issues against him.

In his sixth issue, appellant contends that the judgment in the drug case should be modified to accurately reflect that appellant pleaded not true to the enhancement paragraph in the indictment.  The State agrees that the judgment should be modified as requested by appellant.  Where, as here, the record provides the necessary information to correct inaccuracies in a judgment, we have the authority to reform the judgment to speak the truth.  *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  Our review of the record confirms that appellant pleaded not true to the enhancement paragraph in the indictment.  Accordingly, we resolve appellant's sixth issue in his favor and modify the judgment as requested.

---

[2] The record before us reflects a cost assessment of $304 in the drug case.

**CONCLUSION**

We modify the judgment in trial court cause number F12-58468-T to reflect that appellant pleaded not true to the enhancement paragraph in the indictment. We affirm the trial court's judgment in that case as modified. We affirm the trial court's judgment in cause number F12-58467-T for unlawful possession of a firearm by a felon.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130579F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRODERICK JACKSON, Appellant

No. 05-13-00579-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-58467-T
Opinion delivered by Justice Evans, Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED.**

Judgment entered this 14th day of August, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRODERICK JACKSON, Appellant

No. 05-13-00580-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-58468-T
Opinion delivered by Justice Evans,
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant pleaded "Not True" to the 1st Enhancement paragraph in the indictment. As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 14th day of August, 2014.