ACCEPTED
04-15-00207-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/22/2015 9:08:06 AM
KEITH HOTTLE
CLERK

**NOS. 04-15-00207-CR & 04-15-00208-CR**

**IN THE COURT OF APPEALS FOR THE**
**FOURTH DISTRICT OF TEXAS**
**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

09/22/15 9:08:06 AM

KEITH E. HOTTLE
Clerk

———————————————————

**JESSICA G. CASTILLO,**
*Appellant*

**v.**

**THE STATE OF TEXAS,**
*Appellee*

———————————————————

**ON APPEAL FROM COUNTY COURT-AT-LAW NO. 4**
**OF BEXAR COUNTY, TEXAS**
**CAUSE NUMBERS 458109 & 458110**

———————————————————

**BRIEF FOR THE STATE**

———————————————————

**NICHOLAS "NICO" LaHOOD**
**Criminal District Attorney**
**Bexar County, Texas**

**ANDREW N. WARTHEN**
**Assistant Criminal District Attorney**
**Bexar County, Texas**
**Paul Elizondo Tower**
**101 W. Nueva Street**
**San Antonio, Texas 78205**
**Phone: (210) 335-2414**
**Email: awarthen@bexar.org**
**State Bar No. 24079547**
*Attorneys for the State of Texas*

**ORAL ARGUMENT WAIVED**

1

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a), the appellee supplements the appellant's list of parties as follows:

| | |
|---|---|
| **APPELLATE STATE'S ATTORNEY** | **Andrew N. Warthen**<br>State Bar No. 24079547<br>Assistant Criminal District Attorney<br>Paul Elizondo Tower<br>101 W. Nueva Street<br>San Antonio, Texas 78205<br>(210) 335-2414<br>awarthen@bexar.org |

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL     2

INDEX OF AUTHORITIES     4

STATEMENT OF THE CASE     5

ISSUES PRESENTED     5

*APPELLANT'S FIRST, SECOND, & THIRD ISSUES (combined and reworded)*
When the trial court 1) limited appellant's cross-examination and 2) denied appellant's motion for a continuance, respectively, and 3) because of the cumulative effect those two errors may have had, it abused its discretion.

*APPELLANT'S FOURTH ISSUE*
The apology letter ordered as a condition of community supervision in cause no. 458109 violates appellant's constitutional right against self-incrimination.

***STATE'S RESPONSE TO APPELLANT'S FIRST THROUGH THIRD ISSUES***
**The trial court acted well within its sound discretion when it limited cross-examination because the blood-related evidence was collateral and would have confused the issues. Moreover, appellant's continuance motion was in improper form and would have made no difference in the outcome of the case. Finally, there being no errors to begin with, cumulative error was impossible.**

***STATE'S RESPONSE TO APPELLANT'S FOURTH ISSUE***
**This issue is not preserved for review because appellant did not object to it during sentencing when she had an opportunity to do so. Moreover, the issue is both moot and not ripe for review.**

STATEMENT OF FACTS     6

SUMMARY OF THE ARGUMENT     6

ARGUMENT     7

PRAYER FOR RELIEF     20

# INDEX OF AUTHORITIES

Page

Tex. Code Crim. Proc. Ann. art. 29.06      13

Tex. Code Crim. Proc. Ann. art. 29.08      14

Tex. Code Crim. Proc. Ann. art. 29.13      15

Tex. Penal Code Ann. § 49.01      9

*Cantu v. State*, 842 S.W.2d 667 (Tex. Crim. App. 1992)      8

*Chamberlain v. State*, 998 S.W.2d 230 (Tex. Crim. App. 1999)      15, 16

*Commonwealth v. Melvin*, 79 A.3d 1195 (Pa. Super. Ct. 2013)      18, 19

*Dansby v. State*, 448 S.W.3d 441 (Tex. Crim. App. 2014)      16, 17

*Delaware v. Van Arsdall*, 475 U.S. 673 (1986)      10

*Dinh Tan Ho v. State*, 171 S.W.3d 295
(Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)      8, 10

*Gallo v. State*, 239 S.W.3d 757 (Tex. Crim. App. 2007)      12

*Holmes v. State*, 323 S.W.3d 163 (Tex. Crim. App. 2009)      11

*Love v. State*, 861 S.W.2d 899 (Tex. Crim. App. 1993)      8

*Mentek v. State*, 238 N.W.2d 752 (Wis. 1976)      16

*Norman v. State*, 523 S.W.2d 669 (Tex. Crim. App. 1975)      9

*Nwosoucha v. State*, 325 S.W.3d 816
(Tex. App.—Houston [14th Dist.] 2010, pet. ref'd)      12, 15

*Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999)      16

*Woodall v. State*, 216 S.W.3d 530
(Tex. App.—Texarkana 2007, pet. granted)      11

# BRIEF FOR THE STATE

To the Honorable Fourth Court: Now comes, Nicholas "Nico" LaHood, Criminal

District Attorney of Bexar County, Texas, and files this brief for the State.

## STATEMENT OF THE CASE

The State accepts appellant's Statement of the Case with one exception. In

cause number 458110, appellant was sentenced to 180 days' imprisonment in

Bexar County jail, probated for 18 months, not 180 days. (RR5 11.)

## ISSUES PRESENTED

*APPELLANT'S FIRST, SECOND, & THIRD ISSUES (combined and reworded)*
When the trial court 1) limited appellant's cross-examination and 2) denied
appellant's motion for a continuance, respectively, and 3) because of the
cumulative effect those two errors may have had, it abused its discretion.

*APPELLANT'S FOURTH ISSUE*
The apology letter ordered as a condition of community supervision in cause no.
458109 violates appellant's constitutional right against self-incrimination.

***STATE'S RESPONSE TO APPELLANT'S FIRST THROUGH THIRD ISSUES***
**The trial court acted well within its sound discretion when it limited cross-examination because the blood-related evidence was collateral and would have confused the issues. Moreover, appellant's continuance motion was in improper form and would have made no difference in the outcome of the case. Finally, there being no errors to begin with, cumulative error was impossible.**

***STATE'S RESPONSE TO APPELLANT'S FOURTH ISSUE***
**This issue is not preserved for review because appellant did not object to it during sentencing when she had an opportunity to do so. Moreover, the issue is both moot and not ripe for review.**

## STATEMENT OF FACTS

The State challenges the factual assertions contained in appellant's brief. *See* TEX. R. APP. P. 38.2(a)(1)(B). The State will supply supplemental pertinent facts supported with record references within its response to appellant's points of error. The Reporter's Records in both cases are identical (though, this brief used the Reporter's Record in cause number 458109) and will be referenced as "RR," followed by the respective volume number. The Clerk's Record in cause numbers 458109 and 458110 will be referenced as "CR1" and "CR2," respectively.

## SUMMARY OF THE ARGUMENT

In her first three points of error, appellant claims that the trial court abused its sound discretion when it made several rulings related to blood evidence. Concerning her first issue, the trial court did not err because the proposed cross-examination of blood-related evidence was unnecessary to the resolution of the case. The State made it clear that it was not going to introduce any blood evidence but, instead, prove that appellant was driving while intoxicated because she lost the normal use of her mental and physical faculties. Therefore, any blood-related evidence would only serve to confuse the issues and introduce collateral evidence. As for appellant's second point of error, the trial court properly denied appellant's motion for a continuance because her motion was not in proper form and the proposed witnesses, even if located and called, would have made no difference in

6

this case. And, because appellant's first two issues did not establish error, her third issue cannot do so on its own because non-errors cannot be accumulated into an independent error.

Appellant's fourth issue has not been preserved. Appellant failed to object at trial, thus forfeiting review of this issue. However, even if preserved, there was no error. This issue is moot because appellant is not required to write the letter before her appeals are resolved. If resolved in her favor, there will be no letter-writing requirement. If not, then there will be no danger of self-incrimination because appellant would have already been incriminated. The issue is also not ripe for review because the letter has not yet been introduced against appellant, meaning no right against self-incrimination has been implicated. Accordingly, the ruling of the trial court should be affirmed.

## **ARGUMENT**

### **I. The trial court did not abuse its discretion with regard to appellant's first three claimed points of error.**

Appellant's first three points of error are related to the trial court's refusal to allow evidence of a blood draw in her trial for driving while intoxicated. She asserts that the trial court abused its discretion 1) when it did not allow her to cross-examine the State's witnesses concerning the blood draw or any blood warrant, 2) when it did not grant a continuance so that appellant could locate her

own witnesses to testify about the blood draw, and 3) by a purported cumulative effect of the former two alleged errors. Appellant's arguments are untenable.[1]

### a. The trial court properly limited cross-examination

#### 1. Standard of review and applicable law

An appellate court reviews a trial court's decision to limit cross-examination under an abuse of discretion standard. *See Love v. State*, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993). An abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

"The Confrontation Clause of the U.S. Constitution guarantees a defendant the right to cross-examine witnesses." *Dinh Tan Ho v. State*, 171 S.W.3d 295, 304 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). However, "[t]he trial court has the discretion to limit the scope of cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence." *Id*.

---

[1] It must be noted that, if this court does reverse appellant's driving-while-intoxicated conviction on any of the grounds that she alleges, her resisting-arrest conviction in cause number 458109 should stand. The evidence for that conviction was in no way related to any potential blood evidence or the relevance thereof, as the elements of that crime were not related to her intoxication. That is, even if the trial court erred in limiting her defense in the driving-while-intoxicated case, the jury could still have found her guilty of resisting arrest. While, in her fourth point of error, she does challenge part of her *sentence* for resisting arrest, appellant in no way challenges her *conviction* for resisting arrest or the propriety of the trial for that offense, and, accordingly, it should be upheld regardless of the outcome of this appeal.

## 2. The trial court properly restricted any blood-related evidence

At trial, the State submitted a motion *in limine* to restrict evidence of a blood draw that was performed on appellant in this case.[2] (RR3 5.) The reason for that was simple: the State was not going to introduce the blood-test results at trial. (RR3 5.) Instead, the State was going to show that appellant was driving while intoxicated by proving that she had lost the "normal use of [her] physical and mental faculties" (RR3 5), one of the two alternative mean that a person can be intoxicated under the Penal Code. Tex. Penal Code Ann. § 49.01(2) (defining "intoxicated" as either "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . ." or "having an alcohol concentration of 0.08 or more").

Appellant explained in her bill of exception, and does so again on appeal, that her ultimate trial strategy was to ask, "Where's the blood?"[3] (CR2 16.) It is hard to see how she would have created a reasonable doubt in the jury's mind by asking that question considering that blood was not necessary to prove that she was intoxicated. *Id*. Thus, any discussion of a blood draw, blood-test results, or a blood warrant was completely irrelevant to the State's case, and to bring them up

---

[2] *See generally Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975) ("The purpose of a motion *in limine* is to prevent particular matters from coming before the jury.").

[3] Even though cause number 458109, the resisting-arrest case, involved no blood evidence whatsoever (see discussion from footnote 1 above), appellant filed seemingly identical bills of exception under both cause numbers. (*See* CR1 12-14; CR2 14-16.)

before the jury would have done nothing more than confuse the issues and interject collateral evidence, two reasons that the trial court was free to limit cross-examination on that point. *See Dinh Tan Ho*, 171 S.W.3d at 304 (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

Importantly, appellant was not without options if she insisted on plowing that barren field. The trial court made it clear that appellant was free to bring in witnesses to explain why the State did not offer any evidence concerning appellant's blood draw or blood-test results if the State did not ultimately offer such evidence. (RR3 6-7.) Appellant never availed herself of that opportunity.[4] She was even allowed to cross-examine Steven Rivas, the arresting officer, about Bexar County's "no-refusal" policy that was in effect when appellant was arrested, and she did so with alacrity. (RR3 100-08.) But, again, because the State could (and did) prove its case without any blood-related evidence by showing that she had lost the normal use of her mental and physical faculties, these efforts were unnecessary and irrelevant.[5]

---

[4] Appellant did make an oral motion for a continuance to potentially bring forth any such witnesses, but, as will be discussed below, that motion was properly denied.

[5] These facts also establish that, because appellant would have been convicted in any event, any error that may have occurred was harmless. (*See* CR2 23-24) (the jury was only charged on loss-of-normal-use-of-mental-or-physical-faculties grounds); (RR4 39-40) (appellant did not object to the court's charge.)

Appellant relies on *Holmes v. State*, 323 S.W.3d 163 (Tex. Crim. App. 2009), *aff'd on reh'g*, 323 S.W.3d 163 (Tex. Crim. App. 2010), and its consolidated companion cases, particularly *Woodall v. State*.[6] Those cases are inapposite, however, because, there, the breath-test results that the appellants wanted to challenge were either admitted or were going to be admitted and the appellants were told by the trial court that they would not be able to challenge them with cross-examination. Here, on the other hand, the blood evidence was never going to be introduced by the State because it was relying on a completely different theory of intoxication to prove its case. Unlike the breath tests that the State either did or was going to rely on in the *Holmes, et al.*, cases, in this case, there was simply no test result to challenge that was in any way relevant to the issue at hand. Thus, appellant's reliance on *Holmes* and its companions is misplaced.

Therefore, because the trial court did not abuse its discretion, appellant's first point of error should be overruled.

---

[6] *Holmes* and *Woodall*'s procedural posture is slightly confusing. *Holmes*'s original opinion in 2009 revered *Woodall v. State*, 216 S.W.3d 530 (Tex. App.—Texarkana 2007, pet. granted), on the grounds that the court of appeals erred in holding that Woodall had preserved error, but it affirmed the other consolidated cases without much analysis. On rehearing in 2010, the state high court again affirmed the companion cases, and this time it also seemed to affirm the court of appeals in *Woodall*, but did not do so expressly. It then denied a second motion for rehearing by the State, but the author of the *Holmes* opinion in the first rehearing, Judge Meyers, dissented from the denial of the State's second motion. In any event, the 2010 *Holmes, et al.*, opinion is controlling over this court, which would appear to include *Woodall*.

*b. The trial court properly denied appellant's motion for a continuance*

Appellant next complains that the trial court abused its discretion when it denied her motion for a continuance. The trial court did not abuse its sound discretion.

### 1. Standard of review and applicable law

An appellate court reviews a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). "To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion." *Id.* "Speculation will not suffice to obtain reversal for a trial court's failure to grant a continuance." *Nwosoucha v. State*, 325 S.W.3d 816, 825 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Article 29.06 of the Code of Criminal Procedure requires that an initial motion for continuance based on the absence of a witness must state:

> 1. The name of the witness and his residence, if known, or that his residence is not known.
> 2. The diligence which has been used to procure his attendance; and it shall not be considered sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases where the law authorized an attachment to issue.
> 3. The facts which are expected to be proved by the witness, and it must appear to the court that they are material.
> 4. That the witness is not absent by the procurement or consent of the defendant.

12

5. That the motion is not made for delay.
6. That there is no reasonable expectation that attendance of the witness can be secured during the present term of court by a postponement of the trial to some future day of said term.

Tex. Code Crim. Proc. Ann. art. 29.06. It further provides, "The truth of the first, or any subsequent motion, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right." *Id.*

### 2. Appellant did not make a proper motion for continuance

At trial, after appellant's counsel learned that he would not be able to discuss any blood-related evidence during cross-examination but was told that he could "bring in the evidence with the proper witnesses" (RR3 6), he requested a continuance and stated,

> I have not been provided the addresses of the potential witnesses that could do this. I have not been provided their phone numbers pursuant to proper procedure. I have not been provided any of that. I would ask for a continuance at this point if you are not going to allow me to use their own officer against them.

(RR3 7-8.) The trial court denied appellant's motion. (RR3 8.)

Appellant's complaint at trial and on appeal that she was not provided with any contact information was not a legitimate ground for granting her motion. The State had no obligation to provide the contact information of witnesses it did not intend to call. As discussed above, the State intended to prove this case, not on

13

blood-alcohol concentration grounds, but instead on loss-of-normal-use-of-mental-or-physical-faculties grounds. Thus, no blood-evidence witnesses were going to be called alleviating the State's obligation to provide appellant that information. Further, because the State was able to prove its case without any blood-related evidence, the witnesses that appellant desired to call were not going to provide "material" facts as required by article 29.06.

Moreover, as also required by article 29.06, appellant did not "name the witness(es)" she intended to call, state that "the witness [were] not absent by the procurement or consent of the defendant," or state that "the motion [was] not made for delay." Tex. Code Crim. Proc. Ann. art. 29.06. Moreover, appellant's motion was not sworn to, as it was required to be. Tex. Code Crim. Proc. Ann. art. 29.08. Put simply, appellant's motion for a continuance was not properly before the trial court, and, in any event, a delay would not have produced any witnesses material to the case.

Appellant relies on article 29.13 of the Code of Criminal Procedure, which states,

> A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

14

Tex. Code Crim. Proc. Ann. art. 29.13. But nothing in article 29.13 alleviates the moving part from complying with the requirements of articles 29.06 and 29.08.

Moreover, appellant has not shown how she suffered actual prejudice from the denial of her motion considering that, as discussed previously, these witnesses would have done nothing to undermine the State's case. There simply was no need for the blood-related evidence to find appellant guilty of the charged offense.

Finally, a defendant can ordinarily make a showing of harm "only at a hearing on a motion for new trial because only then will she be able to produce evidence regarding what additional information, evidence, or witnesses the defense would have had available if the trial court had granted the motion for delay." *Nwosoucha*, 325 S.W.3d at 825. The record does not reflect any motion for a new trial filed by appellant in either case. Accordingly, even if her motion had been in proper form, she has not sufficiently shown harm or prejudice.

Thus, as the trial court did not abuse its sound discretion when it denied appellant's motion for a continuance, her second point of error must be overruled.

### c. There was no cumulative-error effect because there were no errors to accumulate

The Court of Criminal Appeals has declared, "It is conceivable that a number of errors may be found harmful in their cumulative effect." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). However, the state high court continued, "But, we are aware of no authority holding that non-errors may in

their cumulative effect cause error." *Id.* As explained above, the trial court did not err in the first instance. "Adding [non-errors] together adds nothing. Zero plus zero equals zero." *Mentek v. State*, 238 N.W.2d 752, 758 (Wis. 1976). Thus, there could not have been any cumulative-error effect in the instant case. As a result, appellant's third point of error must be overruled.

## II. Appellant did not preserve her self-incrimination challenge, and, even if preserved, the issue is both moot and not ripe for review.

### a. Appellant did not preserve her fourth point of error

For her resisting-arrest conviction, appellant was sentenced to a term of imprisonment, which was probated. (RR5 11.) As part of her probation, appellant was required to write an apology letter to Officer Steven Rivas. (RR5 11.) She now challenges that requirement as a (potential) violation of her right against self-incrimination. Appellant has not preserved this issue for appeal.

"Because the placement of a defendant on community supervision occurs in the form of a contract between the trial court and a defendant, a defendant who is fairly notified of the conditions of community supervision at a hearing at which he has an opportunity to object forfeits any later complaint about those conditions, as long as those conditions do not involve a systemic right or prohibition." *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014) (citing *Speth v. State*, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999)). "An award of community supervision is not a right, but a contractual privilege, and conditions thereof are

16

terms of the contract entered into between the trial court and the defendant." *Id*. "Conditions not objected to are affirmatively accepted by the defendant as terms of the contract." *Id*. "By entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract." *Id*. "A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable." *Id*. (internal quotation mark omitted).

"To be subject to procedural default under these circumstances, a defendant must be aware of the condition of community supervision in time to object at trial." *Id*. "A trial court may make a defendant aware of the conditions of community supervision by informing him of the requirements orally, in writing, or both." *Id*. "A trial court faced with a defendant's objection to a community-supervision condition would have the option to sustain the objection and remove or alter the condition, to overrule the objection thereby continuing to require a defendant to abide by the condition, or to take any other appropriate action." *Id*. A failure to object to a community-supervision condition forfeits any complaint about that condition on appeal. *See id*. at 447-48.

A review of the record shows that appellant was not shy about objecting to or voicing her disagreements with either the prosecutor's or the trial court's

actions. But when the sentence was handed down, appellant made no complaint whatsoever. (RR5 11-12.) In fact, immediately after it imposed the sentence, the trial court asked, "Is there anything else from either side on these two causes?" (RR5 12.) Appellant's counsel replied, "Nothing further, Your Honor." (RR5 12.) Thus, because she failed to object to that community-supervision condition, appellant has forfeited any complaint about it on appeal. *Compare Commonwealth v. Melvin*, 79 A.3d 1195, 1198-1200 (Pa. Super. Ct. 2013) (noting that Melvin objected to the apology-letter condition of probation on the grounds that it would violate her right against self-incrimination). This issue must, therefore, be dismissed and the trial court affirmed.

### b. *Even if preserved, this issue is both moot and not ripe for review*

Appellant fears that if she must write an apology letter it may be used against her if her conviction is overturned on appeal and she is retried for resisting arrest. That is not possible because if her conviction is overturned there will be no sentence to be carried out. That is, the letter could not be used against her because it would not exist as there would be no requirement that she write it. If, however, her conviction is upheld, then she would have no fear of it being used against her because her trial would have already taken place.

Moreover, the *Melvin* decision from Pennsylvania that appellant relies on did not categorically hold that requiring a defendant to write an apology letter

18

violates her right against self-incrimination. Instead, it held that it only violates that right if a defendant is required to do so during the pendency of an appeal. *See Melvin*, 79 A.3d at 1202. As discussed above, the State does not believe that appellant has yet written the required letter, and does not expect her to do so until her appeals are fully resolved, thus making impossible any chance that it could be used against her in a subsequent trial if her conviction is reversed. As a result, even if the holding of the *Melvin* decision were incorporated into Texas law, there would be no chance of running afoul that holding, as she is not required to write the letter until her appeal is resolved. Accordingly, this issue is moot.

It is also not ripe for review because, even if the letter did exist and was offered against her at a subsequent trial, her right to self-incrimination would not be implicated until that time. It could be that she is retried but the State never introduces the letter against her. In that circumstance, she could not complain about it because it would not have been admitted. Thus, at the present time, any violation of her rights is merely theoretical. Accordingly, appellant's fourth issue must be overruled.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas submits that the judgment of the trial court should, in all things, be AFFIRMED.

Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas


___/s/_____
Andrew N. Warthen
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2414
Email: awarthen@bexar.org
State Bar No. 24079547

*Attorneys for the State*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I, Andrew N. Warthen, herby certify that the total number of words in appellee's brief is 3,629.  I also certify that a true and correct copy of the above and forgoing brief was emailed to appellant Jessica G. Castillo's attorney, Daniel De La Garza, at Daniel.DeLaGarza@me.com, on this the 22nd day of September, 2015.

_____/s/_____
Andrew N. Warthen
Assistant Criminal District Attorney

*Attorney for the State*