**Reverse and Remand in part; Affirmed in part and Opinion Filed November 6, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00440-CR

### PATRICK JOEY LARGHER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1231429-P**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Appellant Patrick Joey Largher pleaded not guilty to aggravated robbery. After a jury conviction, the trial court sentenced him to fifty-years' imprisonment. In two issues, he argues the trial court abused its discretion by allowing testimony during punishment regarding his possible gang activities by a witness with no personal knowledge. In a third issue, he challenges the trial court's denial of mandatory back time credit. We agree the trial court improperly denied back time credit and reverse and remand to the trial court for further determination of this issue. In all other respects, we affirm the trial court's judgment.

### Background

Because the issues on appeal involve the punishment phase of trial, we only briefly discuss the underlying facts of the robbery. Largher was a former member of the Southside Crips. Despite his alleged disassociation from the gang, he continued to hang around with

friends who were gang members. One such friend was Efrain Quezada. Quezada was not a member of Southside Crips, but he was a member of a gang associated with them.

On November 7, 2012, B.C. Pankaj, a college student, was working at a convenience store in Grand Prairie. About 10 p.m, a woman entered the store, looked around, and went to the bathroom. She then left without buying anything, and Pankaj thought her behavior was suspicious. This woman was later identified as Largher's girlfriend, Alejandra Garibaldi.

Shortly thereafter, three other men wearing masks and carrying guns entered the store and demanded money. Victor Pauz served as look out in the store, and Quezada took money from the cash register and stuffed it inside his sweater. Largher, identified by Pankaj as the man wearing a red hoodie, shot Pankaj causing spinal injuries.

When officers arrested Largher and searched his car, they found a red hoodie, other dark sweatshirts, and a face mask. He told officers he had consumed five bars of Xanax the night of the robbery. Following his arrest, he waived his *Miranda* rights and confessed to his participation in the robbery and to shooting Pankaj.

The case went to trial and the jury found him guilty of aggravated robbery. Largher elected for the trial court to assess punishment. After a punishment hearing, the trial court sentenced him to fifty years' imprisonment. The trial court specifically stated, "Your sentence will begin today. I am not giving you any credit for back time. If the parole board wants to do it, they can, but I'm not." This appeal followed.

**Admission of Gang Evidence**

In his first two issues, Largher argues the trial court abused its discretion by admitting testimony about his possible gang activities, and Detective Sean Wheetley's testimony was not based on his personal knowledge. The State responds Detective Wheetley met the personal

knowledge requirement as required under rule of evidence 803(c), and his testimony about Largher's gang affiliation was relevant and admissible during punishment.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Thus, we will uphold the trial court's ruling admitting evidence if it is within the zone of reasonable disagreement. *Id.*

Largher first argues the trial court abused its discretion by allowing Detective Wheetley, with the Arlington Police Department's gang/robbery investigation unit, to testify because he did not have personal knowledge of Largher's gang activities. The State responds, as the custodian of records for the gang database, Detective Wheetley's testimony was based on records kept as regularly conducted business activities.

Texas Rule of Evidence 803(6) provides that records kept in the course of a regularly conducted business activity are not excluded by the hearsay rule. *See* TEX. R. EVID. 803(6). Detective Wheetley testified to his general knowledge of gangs and gang activity in Arlington. Although he did not specifically state he kept the gang database in the course of a regularly conducted business activity, he explained he managed the gang database. Officers provided him with the information that, if it met certain criteria, he would then input into the database. Thus, his testimony shows he regularly received information from other officers with knowledge of gang members, and he routinely updated and managed the database.

Moreover, Largher neither challenged the veracity of the records, nor challenged Detective Wheetley's qualifications as a gang expert. When the appropriate predicate is shown, an expert may testify to things beyond his knowledge. *See* TEX. R. EVID. 703; *Jackson v. State*, No. 05-13-00579-CR, 2014 WL 3955171, at *3 (Tex. App.—Dallas Aug. 14, 2014, no pet.) (mem. op., not designated for publication) (overruling challenge to admissibility of officer's

–3–

testimony regarding gang membership because officer lacked personal knowledge). Further, testimony by a police officer without personal knowledge of a defendant's gang membership is relevant and admissible. *See Stevenson v. State*, 963 S.W.2d 801, 803–04 (Tex. App.—Fort Worth 1998, pet. ref'd). Accordingly, the trial court did not abuse its discretion by overruling Largher's personal knowledge objection. We overrule Largher's first issue.

We now address Largher's argument that testimony regarding his gang affiliation was inadmissible because it was not relevant to his punishment except to show character conformity in violation of rule 404(b). *See* TEX. R. EVID. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Largher admits evidence of gang membership is admissible for a variety of purposes, but in his case, it was not relevant because there was no evidence the robbery was gang-related.

During the sentencing phase of trial, evidence may be offered as to any matter the trial court deems relevant, including evidence of the defendant's reputation or character. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, §3 (a)(1) (West Supp. 2014). Texas allows the admission of a defendant's gang ties and gang-related activity during punishment, as gang membership is relevant because it relates to character. *See Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995); *Ho v. State*, 171 S.W.3d 295, 304 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The types of activities in which the gang is involved must be presented to the fact-finder so that it may determine if the defendant's gang membership is a positive or negative trait. *Beasley*, 902 S.W.2d at 456. If the gang is involved in misconduct or illegal activity, it is not necessary to link the defendant to bad acts so long as the fact-finder is (1) provided with evidence of the defendant's gang membership, (2) provided with evidence of character and reputation of the gang, (3) not required to determine if the defendant committed the bad acts or

misconduct, and (4) only asked to consider the reputation or character of the accused. *Id*. at 457. Even if a defendant is no longer affiliated with the gang at the time of the offense, evidence that he was a gang member is relevant, and therefore admissible, because it relates to his character. *Ho*, 171 S.W.3d at 305.

During the punishment hearing, Detective Wheetley testified he knew Largher was a gang member through his work with the gang database even though he never personally investigated Largher or spoke with him. He identified several of Largher's tattoos, which indicated a gang affiliation. Specifically, the tattoo, "smile, now cry later" was on Largher's arm and Detective Wheetley explained the tattoo was "typical within the gang world." Detective Wheetley also identified the star with the word "side" on Largher's left arm as another indication of gang membership in the Southside Crips. He also explained that in his past experience, people who try to get out of gangs attempt to cover up the tattoos. Largher had made no attempts to cover up or remove his tattoos.

Detective Wheetley testified the Southside Crips are a south Arlington gang known for aggravated assaults, burglaries, robberies, and drug offenses. Largher also testified to the gang's criminal activities, which included fighting for colors and territory, getting money to get high, stealing cars, and burglarizing homes. We acknowledge Largher claimed he was no longer in a gang, but his past affiliation is still relevant and he presented no evidence refuting his past gang affiliation. *Ho*, 171 S.W.3d at 305. Having reviewed the record, we conclude Detective Wheetley's testimony satisfied the *Beasley* factors. *Beasley*, 902 S.W.2d at 457; *Ho*, 171 S.W.3d at 304 (testimony satisfied the *Beasely* factors when officer testified to defendant's past gang membership and the gang's criminal activities).[1] Thus, we overrule Largher's second issue.

---

[1] Largher neither cited to *Beasley* in his brief nor argues why the record does not support admissibility of the gang evidence based on the *Beasley* factors.

**Back Time Credit**

In his third issue, Largher argues the trial court improperly denied him back time credit. The State agrees he was entitled to back time credit, but he waived the issue by failing to object to the trial court, or alternatively, the issue should be remanded for further consideration.

Article 42.03, section 2(a)(1) of the Texas Code of Criminal Procedure provides, in relevant part, that "in all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West Supp. 2014). The trial court is required to grant defendant's pre-sentence jail time credit when sentence is pronounced. *See Ex parte Ybarr*a, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

Although the State argues Largher may have waived his issue by failing to object to the trial court, the State recognizes that one appellate court has determined Texas Rule of Appellate Procedure 33.1 is not controlling in instances concerning back time because "those seeking credit for time served are not challenging the conviction but are instead challenging the time necessary to fulfill the sentence." *See Joseph v. State*, 3 S.W.3d 627, 643 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding issue of time credits can be raised at any time, even without objecting to trial court). In fact, a challenge to the duration of confinement and applicable time credits is the proper subject for a writ of habeas corpus. *See Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim. App. 1988). Rather than require Largher to jump through procedural hoops to receive credit he is clearly entitled to, we likewise conclude Largher's issue is preserved for review. *See Joseph*, 3 S.W.3d at 643.

While the State concedes Largher is entitled to back time credit, it disagrees with Largher that remand for recalculation is the only option available to correct the judgment. Rather, the

State argues we should remand to the trial court so that Largher can file a motion nunc pro tunc. *See Ybarra*, 149 S.W.3d at 148 ("In the event the court fails to award such credit at the time of the sentence imposed, the trial court has the authority to correct the judgment to reflect the appropriate time credit by *nunc pro tunc* order and should do so."). However, the trial court indicated on the record its refusal to award back time. Thus, we agree with Largher that under these facts, remanding to the trial court to file a motion nunc pro tunc is unlikely to resolve the issue.

Although an appellate court may reform a judgment to "speak the truth" when it has the necessary information, Largher and the State agree the record is insufficient for this Court to determine how much back time credit he is entitled. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Thus, because Largher is statutorily entitled to back time credit, which the trial court refused, we sustain Largher's third issue. Because the record is insufficient for this Court to reform the judgment, we reverse and remand to the trial court for determination of the amount of back time credit required by Texas Code Criminal Procedure article 42.03, section 2(a)(1) and to reform the judgment accordingly.

## Conclusion

We reverse and remand to the trial court for determination of the amount of back time credit required by Texas Code Criminal Procedure article 42.03, section 2(a)(1) and to reform the judgment accordingly. In all other respects, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
140440F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK JOEY LARGHER, Appellant

No. 05-14-00440-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1231429-P.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, we **REVERSE** and **REMAND** to the trial court for determination of the amount of back time credit required by Texas Code Criminal Procedure article 42.03, section 2(a)(1) and to reform the judgment accordingly.

In all other respects, we **AFFIRM** the trial court's judgment.

Judgment entered November 6, 2015.